Filed 5/20/24  P. v. Scott CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082039 |
| v. | (Super.Ct.No. RIF148527) |
| JAVANTE MARQUIS SCOTT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Jorge C. Hernandez, Judge. Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Felicity A. Senoski and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

A prisoner serving a 120-year-to-life sentence after conviction on three counts of attempted murder (with enhancements) petitioned under the law allowing resentencing for people convicted of attempted murder under the now-abrogated natural and probable consequences theory. However, the record of conviction establishes he was not convicted under such a theory, and procedural errors at the prima facie hearing stage do not require reversing for a new hearing. We affirm.

# I

## FACTS

The People charged and tried appellant Javante Marquis Scott on three counts of attempted willful, premeditated, and deliberate murder. (Pen. Code, §§ 664/187, subd. (a), unlabeled statutory citations refer to this code.) The People also tried Scott for personally and intentionally discharging a firearm causing great bodily injury or death (§ 12022.53, subds. (d), (e)), inflicting great bodily injury and death on a person, not an occupant of a motor vehicle, by discharging a firearm from a motor vehicle (§ 12022.55), and acting for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)).

The trial court instructed the jury that to find Scott guilty of attempted murder it would have to find "[t]he defendant took at least one direct but ineffective step toward killing another person" and "intended to kill that person." The trial court also instructed, "If you find the defendant guilty of attempted murder under Counts 1, 2 and 3, you must then decide whether the People have proved the additional allegation that the attempted

2

murder was done willfully, and with deliberation and premeditation. [¶] The defendant acted willfully if he intended to kill when he acted. The defendant deliberated if he carefully weighed the considerations for and, knowing the consequences, decided to kill. The defendant premeditated if he decided to kill before acting." The court also instructed the jury to decide whether Scott "personally discharged a firearm during the commission or attempted commission of th[e] crime" and "intended to discharge the firearm." The trial court did not instruct the jury on attempted murder under a natural and probable consequences theory, on aiding and abetting, or on the felony-murder rule (which does not apply to attempted murder in any event).

In September 2010, the jury found Scott guilty of three counts of attempted willful, deliberate, and premeditated murder, and found the enhancement allegations to be true. The trial court sentenced Scott to prison for 120 years to life, and we affirmed after ordering some modifications. (*People v. Scott* (May 17, 2012, E052276) 2012 WL 1746142 [nonpub. opn.].)

In July 2023, Scott petitioned for resentencing under section 1172.6. Scott's petition alleged (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine, (2) he was convicted of attempted murder following a trial, and (3) he could not presently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. The court appointed counsel to represent Scott, as required by the statute, and set a hearing to determine

whether Scott had made a prima facie case for eligibility, which would require the court to issue an order to show cause and hold an evidentiary hearing.

Neither the People nor Scott filed briefs with the trial court. At the prima facie hearing in August 2023, the People told the court, "We sent [defense counsel] the jury instructions in this case on the 21st of August. Further, the defendant testified, and this is a self-defense case, but more importantly the jury instructions did not include natural and probable consequences, felony murder, or any other theory by which malice could be imputed to the defendant. We'd ask that the petition be denied because of that." Scott's counsel told the court, "I confirm everything counsel said. I believe the aiding and abetting [instruction] was also not given. I'll submit."

The trial court denied the petition without stating its reasons.

## II

## ANALYSIS

Scott argues the trial court erred by ruling he did not make out a prima facie case because the People failed to submit a brief setting out their objections to his eligibility and failed to submit into evidence at the hearing the jury instructions that supported their argument. We conclude there was no error, because the parties agreed the record of conviction established Scott was not convicted under a natural and probable consequences theory. The trial court was entitled to rely on counsel's representations as a basis for that ruling.

4

Scott argues we should return the case to the trial court because the failure to submit the jury instructions as an exhibit at the trial court hearing deprives this court of an adequate record to conduct a review. However, the People have remedied any such problem by moving for judicial notice of the record in Scott's first appeal, a motion we have granted. That record shows the People's representations about the jury instructions (and his own counsel's concession) to be accurate. At trial, Scott did not request, and the court did not give, an instruction on the natural and probable consequences doctrine.

This resolves the petition as a matter of law. It is well established a petitioner like Scott is entitled to relief under section 1172.6 only if he could have been convicted (or pled guilty to) murder, attempted murder, or manslaughter under a theory abrogated by Senate Bill No. 1437 or Senate Bill No. 775. Under section 1172.6, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a), italics added.) As the statutory text makes plain, a petitioner convicted of attempted murder is eligible for relief only if the conviction was "based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

5

The jury instructions, and counsel's representations, establish Scott's jury was not instructed on the natural and probable consequences doctrine, and therefore could not have convicted him based on that theory.

Scott argues we should send the petition back to the trial court because it did not conduct a proper prima facie inquiry. He objects that the court ruled even though the People did not file a brief setting out their response. He points out the statute directs "the prosecutor shall file and serve a response" within 60 days of service of a facially valid petition. (§ 1172.6, subd. (c).) He also objects that the court ruled without providing a statement of reasons, as required. (§ 1172.6, subd. (c) ["If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so"].) He argues this last failure violated his federal procedural due process rights.

The trial court did not err by ruling without having first received a written response from the People. The relevant provision directs the trial court to hold a prima facie hearing "[a]fter the parties have had an *opportunity* to submit briefings." (§ 1172.6, subd. (c), italics added.) The parties had the opportunity to file written arguments but chose not to. Instead, they communicated outside of court about the important record facts and appeared at the prima facie hearing to inform the court of what they found. As it happens, the record establishes Scott is not eligible for relief under the statute as a matter of law. We see no error in the trial court ruling based on the parties' oral representations about the facts of the case. The procedure followed is "consistent with the statute's

6

overall purpose: to ensure that murder culpability is commensurate with a person's actions, *while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process*." (*People v. Lewis* (2021) 11 Cal.5th 952, 971, italics added.)

Even if the procedure constituted error, there is no reasonable probability the trial court would have issued an order to show cause if the People had put their position in writing before the hearing. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.)

We also conclude the failure of the trial court to provide a statement of its reasons for refusing to make an order to show cause does not warrant reversal. The trial court's basis for denying the petition was plain. Both the People and Scott's counsel represented the jury instructions did not permit Scott's jury to find him guilty of attempted murder under a natural and probable consequences theory. This reason was the only basis provided for denying the petition, and it established Scott's petition was meritless as a matter of law. While trial courts are required to provide a short statement of the basis for such rulings, the trial court's failure to do so here neither violated his federal procedural due process rights nor was it prejudicial. (*People v. Hurtado*, *supra*, 89 Cal.App.5th at p. 892 ["a trial court's statutory omissions at the first step of the section 1172.6 process are not state or federal constitutional violations"].)

7

## III

## DISPOSITION

We affirm the order denying Scott's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

We concur:


McKINSTER

Acting P. J.


CODRINGTON

J.